George HILL, Plaintiff,

v.

Elliot RICHARDSON, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 35547.

United States District Court, E. D. Michigan, S. D.

Oct. 12, 1972.

Glotta, Adelman & Dinges, Detroit, Mich., for plaintiff.

Robert Rosenberg, Detroit, Mich., for defendant.

### MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

■ George Hill, plaintiff here, has requested this court to review the proceedings had before the Hearing Examiner regarding Social Security benefits he believes should have been awarded him for a total disability. This case revolves around the issue of whether the Hearing Examiner was justified in finding that plaintiff had no disability. In so reviewing, this court is bound by the Rule of Substantial Evidence.

■ Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) held that hearsay evidence is admissible in such a hearing, and unless the claimant exercises his right to have the Examiner subpoena the doctors who made the reports being admitted into evidence and subject them to cross examination, he cannot complain of the hearsay quality of the evidence. In such a case the reports, hearsay though they may be, must be considered by a reviewing court as Substantial Evidence in support of the Hearing Examiner's findings.

20 C.F.R. 404.926 states that a request for such a subpoena must be presented to the Examiner not less than five (5) days prior to the hearing. The record discloses that the first request for a subpoena was made by the claimant at the hearing and was certainly not within the rule.

■ Plaintiff cannot complain that he was unable to examine the reports prior to the hearing and thus did not know whether subpoenas were necessary or who would have to be subpoenaed. The Notice of Hearing (Form HA–507.1C) that was sent to claimant states under "Conduct of Hearing" that the claimant has an opportunity to examine the evidence the day of the hearing *or earlier at the Examiner's office if it is so desired.* It is clear that the opportunity was there. It is equally clear that this right of prior examination was not exercised. This court cannot upset a finding by a Hearing Examiner merely because the claimant has failed to avail himself of all of the advantages offered.

This court finds merit in the rule under 20 C.F.R. 404.926, for to allow each claimant to cause a hearing to adjourn after it has begun because he belatedly determines that subpoenas are necessary would unduly burden the administrative agency and cause untold delay to the entire hearing system.

For the reasons enumerated above, it is determined that the defendant's Motion for Summary Judgment is granted.

So ordered.